UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *RANDA BOYER,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 1:15-cv-28-JHR* |
| | ) | |
| *CAROLYN W. COLVIN, Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

MEMORANDUM DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge wrongly assigned no weight to her disability rating from the Veterans Administration and erroneously relied on Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") to find that, at the relevant time, there were jobs existing in significant numbers in the national economy that the plaintiff could perform. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs*., 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2007 (the "date last insured"), Finding

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 16, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 10.

1, Record at 10; that, through the date last insured, she suffered from an anxiety-related disorder that was severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 11; that, through the date last insured, she had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that she could only do simple work with no more than occasional public contact, Finding 5, *id*. at 12; that, through the date last insured, she was unable to perform any past relevant work, Finding 6, *id*. at 15; that, considering her age (37 on the date last insured), at least high school education, work experience, and RFC, through the date last insured, and using the Grid as a framework for decision-making, there were jobs exiting in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*.; and that, therefore, the plaintiff had not been under a disability as that term is defined in the Social Security Act at any time from the alleged date of onset of disability, May 21, 2001, through the date last insured, Finding 11, *id*. at 16.  The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner.  20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work

other than her past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146

n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support

of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado*

*v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.     Discussion

## A.  Veterans Administration Rating

The plaintiff's first issue arises out of her application for an increase in her disability rating

from the Veterans Administration in 2014.  Itemized Statement of Specific Errors ("Itemized

Statement") (ECF No. 12) at 3-4; Record at 172-75.  She contends that the administrative law

judge was required to give "some" weight to the Veterans Administration ruling on that

application, and that he failed to do so, thereby entitling her to remand.

The administrative law judge addressed the 2014 rating as follows:

> There are no medical records that set out her functional limitations and no
> treating physician opinions that link the severity of her current impairments to
> the relevant time.  The claimant alleges that her award of 100% service connected
> disability[2] should show that she was disabled as of 2001, when she was last in
> the service (Exh. 11E).  However, there is no evidence that this decision to allow
> 100% service connected disability in 2014 indicates that the claimant had
> consistent symptoms over the thirteen years from her service discharge and the
> time of her award.  Moreover, the standards used by the Veteran[]s
> Administration are different from those used by the Social Security
> Administration and cannot be used to determine Social Security disability.

Record at 14.  A determination of disability by another agency is not binding on the commissioner.

20 C.F.R. § 404.1504.  However, an administrative law judge must explain the consideration given

to such a determination.  Social Security Ruling 06-03p, reprinted in *West's Social Security*

*Reporting Service* Rulings (Supp. 2015) at 333-34.

---

[2] The award was not for a "100% service connected disability," but rather a decision that the plaintiff was entitled to
"individual unemployability" for purposes of veterans benefits.  Record at 172.  This finding was, in turn, based on a
finding of 70% disability.  *Id*.; *see also* 38 C.F.R. § 4.16(a).  This error has no bearing on the outcome of this appeal.

In this case, it is not necessary to reach the question of whether the administrative law judge's evaluation of the substance of the Veterans Administration rating was sufficiently detailed, because the rating was effective as of October 25, 2013, more than six years after the date last insured.  This court has held that a finding of disability by the Veterans Administration beginning on February 8, 2013, was not material to an SSD claim with a date last insured of December 31, 2011.  *Connolly v. Colvin*, No. 2:14-cv-292-JHR, 2015 WL 1859011, at *1 (D. Me. Apr. 22, 2015), and that a Veterans Administration rating decision dated October 18, 2004, granting 100% benefits for a post-traumatic stress disorder-related disability retroactive to April 7, 2004, "sheds no light on the plaintiff's condition prior to his date last insured" of March 31, 2003.  *Dennett v. Astrue*, Civil No. 08-97-B-W, 2008 WL 4876851, at *5 (D. Me. Nov. 11, 2008).  The same is true in the instant case.  *See also Folks v. Astrue*, Civil Action No. 2:08CV836-SRW (WO), 2010 WL 3892253, at *3 (M.D. Ala. Sept. 29, 2010) (10-month gap sufficient basis to disregard VA rating).

The plaintiff apparently believes that 38 U.S.C. § 5110(b)(3) overrides this caselaw. Itemized Statement at 5.  That statutory subsection provides:

> (a) Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.
>
> * * *
>
> (3) The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date.

38 U.S.C. § 5110(b)(3). The plain language of this statute provides that the earliest possible effective date of an award of increased compensation to the plaintiff in this case was one year before her application was received on February 13, 2014.  Record at 172.  The fact that the award was made effective October 25, 2013, rather than February 13, 2013, means that the Veterans

Administration found that the increase in the plaintiff's disability for which it was awarding benefits occurred on October 25, 2013. That fact provides no basis upon which to argue that the disability began on or before March 31, 2007.

The plaintiff is not entitled to remand on the basis of the administrative law judge's treatment of her 2014 disability rating from the Veterans Administration.

At oral argument, the plaintiff's attorney argued that the administrative law judge's treatment of a 2003 VA rating also entitled his client to remand. When asked whether this issue had been raised in the plaintiff's itemized statement, the attorney pointed to the following two sentences: 1) under the heading "Relevant Medical Records Before the ALJ": "Plaintiff's disability rating by the Department of Veterans Affairs ('VA') was increased in September 2003 based upon physical problems, including chronic back pain and tinnitus. (R159-163)[,]" Itemized Statement at 3; and 2). "The ALJ did not indicate what weight, if any, was afforded to Plaintiff's VA disability decisions." *Id*. at 5. Significantly, the plaintiff did not suggest, either in oral argument or in her itemized statement, what specific impairment the administrative law judge would have been compelled to find medically determinable and severe based on the 2003 VA rating. The itemized statement presents argument only about the 2014 VA rating.

In this court, arguments not raised in a plaintiff's itemized statement in Social Security cases are deemed to be waived. *E.g., Beaulieu v. Colvin*, Civil No. 1:14-cv-335-DBH, 2015 WL 4276242, at *4 n.6 (D. Me. July 14, 2015). The two sentences cited by counsel are not sufficient to avoid application of this rule. I note that the 2003 rating decision was not mentioned in the pre-hearing letter sent to the administrative law judge by the plaintiff's representative. Record at 168-69. The issue of the proper treatment of the 2003 VA rating has been waived.

Even if that were not the case, the 2003 VA rating found the plaintiff partially disabled by service-related chronic lumbosacral strain with sciatica, tinnitus, onychomycosis of the right toes, and tenosynovitis of the left wrist, as follows: 20% beginning on May 22, 2001 to February 12, 2002; 100% from February 12, 2002, to June 1, 2002; 30% from June 1, 2002, to January 27, 2003; and 60% from January 27, 2003.  Record at 160.  The plaintiff does not point to any medical evidence of the existence of any of these physical problems through the date last insured, March 31, 2007.  When she applied for Social Security benefits, the plaintiff listed her impairments as PTSD, anxiety, depression, back pain, hearing loss, and Type II diabetes.  *Id*. at 168.  The 2003 VA rating decision provides no support for a contention that any of these impairments other than the back pain was present before the date last insured.

The plaintiff's attorney contended at oral argument that there must have been medical records to support the VA rating in 2003.  That speculation is not enough to carry a claimant's evidentiary burden.  The 2003 VA rating assigned a 10% disability to the chronic lumbosacral strain.  *Id*. at 160.  Even if the absence of medical evidence is not determinative, a 10% disability rating from the VA does not require an award of Social Security benefits; it need only be considered along with all other evidence presented by a claimant.  *Collins v. Colvin*, Case No. 2:14-cv-01429-JEO, 2015 WL 5288882, at *6 (N.D. Ala. Sept. 8, 2015).  If the administrative law judge erred in failing to mention the 2003 VA rating under the circumstances of this case, that error was harmless.

## B.  Use of the Grid

The plaintiff contends that the administrative law judge's use of the Grid[3] was reversible error because "the impact of Plaintiff's nonexertional impairments upon the occupational base is

---

[3] The defendant admits that the administrative law judge erroneously stated that he used the Grid as a framework for decision-making, "[b]ased on the testimony of the vocational expert," Record at 16, when the vocational expert in fact

unclear[.]"   Itemized Statement at 5-6.  The RFC assigned to the plaintiff by the administrative

law judge in this case included only one nonexertional, two-part limitation, derived from her single

severe impairment of anxiety-related disorder: "simple work with no more than occasional public

contact."  Record at 12.

The impact of these two limitations on the occupational base of a full range of work at all

exertional levels has long been determined.   "The basic mental demands of competitive,

remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out,

and remember simple instructions[.]"  Social Security Ruling 85-15, reprinted in *West's Social

Security Reporting Service* Rulings 1983-1991, at 347.  The First Circuit held in *Garcia-Martinez*

*v. Barnhart*, 111 Fed. App'x 22, 23, 2004 WL 2240136, at \*\*1 (1st Cir. Oct. 1, 2004), that non-

exertional impairments limiting claimants to routine, repetitive work that did not involve

interaction with the public did not significantly interfere with the performance of the full range of

unskilled work, making use of the Grid acceptable.  This court applied that standard in *Swormstedt*

*v. Colvin*, No. 2:13-cv-00079-JAW, 2014 WL 1513347, at \*6 (D. Me. Apr. 16, 2014).  Further, in

a case in which the administrative law judge limited the claimant to simple, routine, and repetitive

work with a restriction on interaction with the public, this court found no error in the application

of the framework of the Grid.  *Slobuszewski v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00302-

JAW, 2011 WL 2678954, at \*8 (D. Me. June 7, 2011).  The plaintiff's argument concerning the

administrative law judge's use of the Grid accordingly falls short of the mark.

## II.    Conclusion

For the foregoing reasons, I the commissioner's decision is **AFFIRMED**.

---

was not questioned about the availability of jobs for an individual with the plaintiff's RFC.  Opposition at 5. However, this error has no effect on my analysis of the administrative law judge's decision.

Dated this 15th day of October 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge